UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TINA BAKER,<br>  Plaintiff,<br><br>v.<br><br>CT TRANSIT,<br>  Defendant | No. 3:18-CV-1534 (MPS) |

## **INITIAL REVIEW ORDER**

The plaintiff, Tina Baker, brings an action under Title VII of the Civil Rights Act of 1964 ("Title VII") for employment discrimination against defendant Connecticut Transit ("CT Transit"). (*See* ECF No. 1 at 1.) In her complaint, she alleges that the defendant discriminated against her on the basis of her race, color, and sex. (*See id.* at 3.) She alleges that she was terminated from her employment with the defendant due to a violation of a company policy concerning cell phones. (*See id.* at 3.) She also claims that other workers of a "different gender" received a different punishment. (*See id.* at 4.)

Because the plaintiff sought to proceed in forma pauperis (ECF No. 2), I must evaluate her complaint and determine whether it should advance. "[T]he court shall dismiss [a] case at any time if the court determines that [the action] is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The plaintiff is *pro se*, so I construe her pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation marks omitted). Nevertheless, even a *pro se* plaintiff must include sufficient facts to

1

afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

I conclude that the plaintiff has set out a plausible claim of discrimination based upon gender in her complaint. Title VII "prohibits employment discrimination on the basis of race, color, religion, sex, or national origin." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). The statute "prohibits both intentional discrimination (known as 'disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as 'disparate impact')." *Id.* "Disparate-treatment cases present the most easily understood type of discrimination, . . . and occur where an employer has treated a particular person less favorably than others because of a protected trait." *Id.* (internal quotations, citations, and alterations omitted). Here, although the plaintiff's complaint is somewhat sparse, she plausibly alleges that she suffered an adverse employment action—termination of her job—for an infraction that resulted in a lesser punishment for her male colleagues.[1] She does not, however, include any allegations that support claims of disparate treatment based upon her race or color. I therefore dismiss those portions of her Title VII claim.

---

[1] Technically, the plaintiff alleges that her male coworkers received a different punishment—not necessarily a less harsh one. (*See* ECF No. 1 at 4.) But construing her complaint liberally, I conclude that she has alleged that her coworkers received a lesser punishment for the same infraction.

**ORDERS**

**In accordance with the foregoing analysis, the court enters the following orders:**

(1) The plaintiff's Title VII claim may proceed with regard to her claim for discrimination based upon her gender. It is dismissed with respect to her claims for discrimination based upon her race and color.

(2) Within twenty-one (21) days of this Order, the Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal's Service. The U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on defendant Connecticut Transit by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

It is so ordered.

Dated at Hartford, Connecticut this 12th day of October, 2018.

/s/

Michael P. Shea, U.S.D.J.